UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CATHERINE F. LYON, | Case No. 1:13-CV-01014-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiff Catherine Lyon seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be reversed and remanded for additional proceedings.

OPINION AND ORDER - 1

## STANDARDS

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born in 1962 and was forty-six years old at the time of the alleged onset date. Plaintiff completed high school and training in banking, accounting, and bookkeeping. She

OPINION AND ORDER - 3

has past working experience as a packing and shipping clerk, hand packager, data entry clerk, bank teller, and loan officer. Plaintiff protectively filed her Title II and Title XVI applications for benefits on June 8, 2010, alleging that she has been disabled since January 27, 2007. The claim was denied initially and upon reconsideration. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a video hearing on January 25, 2012. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE). At the hearing, plaintiff moved to amend her alleged onset date to September 11, 2009, and that motion was granted.

On March 9, 2012, the ALJ issued a decision finding that plaintiff was not disabled under the Social Security Act. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since September 11, 2009, her amended alleged onset date. Tr. 14.[1] At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: degenerative changes of the sacroiliac joints, degenerative changes of the lumbar spine, arthritis of the wrists and distal interphalangeal joints bilaterally, arthritis of the knees, obesity, and a mood disorder. Tr. 14. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 22. After considering the entire record, the ALJ found that plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she cannot climb ladders, ropes, or scaffolds; she may occasionally climb ramps and stairs; she may

---

[1] "Tr." refers to the Transcript of the Administrative Record.

frequently kneel, stoop, crawl, and balance; and she can occasionally, but not frequently or repetitively, perform fine fingering. Tr. 17. Based on plaintiff's age, RFC, education, work experience, and testimony from the VE, the ALJ determined that plaintiff is able to perform work existing in significant numbers in the national economy, such as conveyor belt bakery worker, counter clerk, and laundry folder. Tr. 23. Therefore, the ALJ concluded that plaintiff is not disabled. Tr. 28.

On April 12, 2013, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff argues that the final decision of the Acting Commissioner is not supported by substantial evidence and is not based on the application of proper legal standards for the following reasons: (1) the ALJ erred in finding that plaintiff's panic disorder with agoraphobia and related depression is not a medically determinable impairment; (2) the ALJ erred in discounting plaintiff's testimony; and (3) the ALJ erred in discounting lay testimony. Each of plaintiff's arguments will be addressed in turn.

### 1.   Plaintiff's Panic Disorder with Agoraphobia and Depression

Plaintiff argues that the ALJ erred in finding that plaintiff's panic disorder with agoraphobia and related depression were not medically determinable impairments. A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. A medically determinable impairment "must have lasted or

OPINION AND ORDER - 5

must be expected to last for a continuous period of at least 12 months." Plaintiff bears the burden of establishing a prima facie case of disability, and this includes the burden of establishing that she met the duration requirement. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995) (citing 20 C.F.R. § 416.920(d)).

With respect to plaintiff's agoraphobia, the ALJ found that she sought treatment for it on December 1, 2011, and had never had problems with agoraphobia before that time. Tr. 15. Therefore, plaintiff suffered from symptoms of agoraphobia for only three months at the time the ALJ issued his opinion. The ALJ noted that Neil R. Williamson, M.D. increased her Seroquel and Cymbalta dosages, which he believed would control her symptoms within twelve months. Tr. 15. Plaintiff offered no evidence to suggest that her limitations related to agoraphobia would continue for twelve months despite this treatment. Therefore, the ALJ did not err in finding that plaintiff failed to satisfy her burden. *Roberts,* 66 F.3d at 182. (holding that the plaintiff was not disabled because she failed to present evidence suggesting that her weight would remain continuously above the weight that requires a presumption of disability).

With respect to plaintiff's depression, plaintiff mischaracterizes the ALJ's decision. Plaintiff argues that the ALJ found that plaintiff's depression was not a medically determinable impairment; however, the ALJ found that plaintiff's mood disorder was a medically determinable impairment and was severe in combination with her other impairments. Tr. 14-15. A mood disorder is an affective disorder, which includes depression. 20 C.F.R. pt. 404, sbpt. P, app. 1, 12.04. Therefore, plaintiff's argument that the ALJ erred in finding that plaintiff's depression was not medically determinable lacks merit.

Plaintiff also argues that the ALJ erred in finding that plaintiff's panic disorder with

OPINION AND ORDER - 6

agoraphobia and related depression were not severe impairments. For the same reasons stated above, the court finds no error. Plaintiff did not satisfy her burden in establishing the duration requirement for her panic disorder with agoraphobia and the ALJ did find that plaintiff's mood disorder was severe when considered in combination with her other impairments.

### 2. Plaintiff's Testimony

Plaintiff argues that the ALJ erred in failing to provide sufficient reasons to reject plaintiff's testimony. Where a plaintiff produces medical evidence of an impairment that is reasonably expected to produce some degree of the symptoms alleged, "and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may consider many factors in weighing a claimant's credibility, including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

In this case, there is evidence in the record that plaintiff is malingering. Tr. 18. As the ALJ noted, plaintiff's orthopedic osteopathic doctor opined that plaintiff "is clearly more capable than she lets on" as she displayed poor effort during examinations. Tr. 18. Nonetheless, the ALJ provided several clear and convincing reasons for finding plaintiff less than credible. First, he noted that plaintiff had been inconsistent in her description of her symptoms multiple times. Tr.

OPINION AND ORDER - 7

18. Second, the ALJ noted that plaintiff stopped seeing her therapist in 2007, which calls into question the veracity of her descriptions of her psychological symptoms. Tr. 18. Third, the ALJ noted that plaintiff has been charged with theft and attempted identity theft, which raised additional questions about her credibility. Fifth, the ALJ noted that plaintiff and her husband described her admission to a hospital on two occasions, but the record contains no documentation of the visits. Tr. 19. Accordingly, the ALJ provided several clear and convincing reasons for discrediting plaintiff and this court finds no error.

Plaintiff argues that the ALJ erred because he refused to apply *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), which holds that there is a presumption of non-disability from a prior unfavorable decision, unless the claimant shows that circumstances have changed. While the ALJ discussed *Chavez* and held that plaintiff's circumstances have changed, plaintiff contends that the ALJ improperly based his credibility determination on evidence from the previous disability determination. As stated above, the ALJ provided many reasons that support his credibility determination, and few of those reasons relate to the prior hearing. The ALJ's other reasons still constitute clear and convincing reasons for finding plaintiff less than credible, especially amid evidence that plaintiff is malingering.

### 3.  Lay Testimony

Plaintiff argues that the ALJ erred in discounting the testimony of her husband, Thomas Lyon. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account, unless [the ALJ] expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need

OPINION AND ORDER - 8

not "clearly link [her] determination to those reasons." *Id.* at 512. However, the germane reasons given by the ALJ must also be specific. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). A legitimate reason to discount lay testimony is that it conflicts with medical evidence. *Lewis*, 236 F.3d at 511. But the ALJ cannot discredit lay testimony because it is not supported by, or corroborated by, medical evidence in the record. *Bruce*, 557 F.3d at 1116.

Here, the ALJ reasoned that Mr. Lyon was not credible because he had a pecuniary interest in the outcome of the case; he is only able to report on what he observes; and his testimony is not clinically documented in the medical evidence. Tr. 21. Mr. Lyon's status as the husband of plaintiff cannot discredit his opinion as an interested party. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Similarly, the ALJ cannot discount a family member's testimony merely because he does not observe her at all times. *Id.* (holding that friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to his or her condition). Holding otherwise would preclude the testimony of all spouses. Finally, the ALJ cannot discount Mr. Lyon's testimony simply because it is not documented by the record. *Bruce*, 557 F.3d at 1116. Therefore, the ALJ erred in failing to provide germane reasons for discounting Mr. Lyon's testimony.

Defendant argues that the ALJ is not required to discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, defendant argues, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness. While this is an accurate recitation of the holding in *Valentine*, 574 F.3d at 694, it is inapplicable to the facts of this case. In rejecting Mr. Lyon's opinion, the ALJ did not point to the reasons that he discredited plaintiff. Similarly, the

OPINION AND ORDER - 9

ALJ did not point to other inconsistent testimony. Rather, the ALJ stated that Mr. Lyon's opinion was not documented in the medical evidence, which runs afoul of Ninth Circuit precedent. *Bruce*, 557 F.3d at 1116. Therefore, a remand is warranted so that the ALJ can properly evaluate the lay witness testimony.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Acting Commissioner denying Catherine Lyon's applications for DIB and SSI must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this 21 day of October, 2014.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge